# IN THE COURT OF APPEALS OF IOWA

No. 19-1872
Filed October 20, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH EUGENE PECK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Brad McCall, Judge.


        Joseph Peck appeals after pleading guilty and asserting ineffective assistance of counsel. **APPEAL DISMISSED.**


        Karmen Anderson, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


        Considered by Mullins, P.J., Ahlers, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BLANE, Senior Judge.**

Joseph Peck appeals his conviction after pleading guilty to assault with intent to commit sexual abuse. He contends the district court incorrectly advised him of his appeal rights and plea counsel provided ineffective assistance. Based upon our review, we find Peck does not establish good cause to appeal from his guilty plea, his constitutional challenges have been resolved adversely by our supreme court, and he is prohibited from raising ineffective assistance of counsel on direct appeal. We, therefore, dismiss his appeal.

**I.      Procedural and factual background.**

A trial information was filed on April 9, 2018, charging Peck with the crime of sexual abuse in the third degree, in violation of Iowa Code sections 709.4(1)(a), 709.4(2), and 903B.1 (2018), a class "C" felony. A plea agreement was reached for Peck to plead guilty to the lesser charge of assault with intent to commit sexual abuse, an aggravated misdemeanor.

Peck pled guilty on August 15, 2019. He personally executed a written waiver of right to be present, waiver of record, and plea of guilty. In the written plea document, Peck set out the factual basis as: "That on or about March 18, 2018, I did commit Assault with Intent to Inflict Sexual Abuse in Warren County, IA." The plea document further stated Peck understood that in determining a factual basis the court could examine the minutes of testimony attached to the trial information or law enforcement investigation reports. It also advised: "I may <u>not appeal</u> to a higher Court because of any defect in this plea proceeding unless I file a Motion In Arrest of Judgment . . . ." Peck did not file such motion.

At sentencing on October 14, 2019, the court did not initially follow the parties' joint recommendation and sentenced Peck to two years incarceration, with an additional special sentence of ten years supervision, pursuant to Iowa Code section 903B.2. The court advised Peck that he had the right to appeal his sentence within thirty days. Just two weeks later, on November 1, 2019, the court on its own motion reconsidered the sentence and ordered the incarceration suspended, pursuant to Iowa Code section 903.2. On November 8, 2019, Peck filed a timely notice of appeal.

## II.     Standard of review.

We review challenges to guilty pleas for correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). Constitutional questions are reviewed de novo. S*tate v. Newton*, 929 N.W.2d 250, 254 (Iowa 2019).

## III.    Discussion.

Peck contends the district court improperly advised him during his guilty plea that he had a right to appeal within thirty days. He argues that advisory was incorrect and warrants vacating his plea and sentencing. Peck also argues the amendment changing appeal rights is unconstitutional and his trial attorney was ineffective in several respects.

On July 1, 2019 Iowa Code section 814.6(1) was amended and no longer allows appeals from final judgments when a defendant pleads guilty to a crime other than a class "A" felony. Iowa Code § 814.6(1)(a)(3) (2019). There is an exception to this code change, "where the defendant establishes good cause." *Id.* Good cause was not defined in the statute. Because Peck's plea and sentencing

were entered after the amendment, he argues there is good cause to consider his appeal, or alternatively that the statute as amended is unconstitutional.[1]

Peck "bears the burden of establishing good cause to pursue an appeal of [his] conviction based on a guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020); *see also State v. Bolden*, 954 N.W.2d 62, 69 (Iowa 2021). The State responds Peck has not established good cause.

Our supreme court has addressed good cause contained in the code change. It stated: "*Black's Law Dictionary* defines 'good cause' to mean '[a] legally sufficient reason.' We adopt that definition of good cause for section 814.6." *Damme*, 944 N.W.2d at 104 (internal citation omitted). The court went on to state: "Because what constitutes good cause is context-specific, we must determine when a defendant who pled guilty has a legally sufficient reason to appeal. We conclude the meaning of the good-cause requirement in Iowa Code section 814.6 is ambiguous in this context." *Id.* at 104–05. However, *Damme* did not provide any additional insight as the court distinguished between an appeal of a guilty plea and an appeal as to the sentence. "We readily distinguish appeals challenging the guilty plea itself from appeals challenging the sentence imposed after the plea is

---

[1] Our appellate courts have previously addressed and ruled adversely to Peck's constitutional claims. *See State v. Treptow*, 960 N.W.2d 98 (Iowa 2021) (finding section 814.6(1)(a)(3) does not violate equal protection or the separation-of-powers doctrine and section 814.7 does not violate due process); *State v. Tucker*, 959 N.W.2d 140, 147 (Iowa 2021) (finding section 814.6(1)(a)(3) does not violate federal or state equal protection and does not violate the separation-of-powers doctrine); *State v. Crews*, No. 19-1404, 2021 WL 3661222, at *1–2 (Iowa Ct. App. Aug. 18, 2021) (finding section 814.6(1)(a)(3) does not violate due process). We must therefore apply the good cause requirement to this appeal.

accepted." *Id.* at 104 (footnote omitted). Here, Peck is not challenging his sentence.

In the more recent case of *Tucker*, the supreme court again discussed the good cause requirement. There, it stated: "A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal."[2] *Tucker*, 959 N.W.2d at 153.

To support his claim of good cause, Peck first argues that the trial judge misinformed him of his right to appeal. The court after pronouncing sentence stated:

> Mr. Peck, this is a final judgment. I'm obligated to inform you of your appeal rights. You do have the right to appeal this judgment and sentence to the Iowa Supreme Court. To do so you must file a written notice of appeal with the clerk of court within thirty days from today's date.

Peck argues the court's statement "rendered [his] guilty plea involuntary." The supreme court has dealt with similar good-cause claims. In *Tucker*, the court reiterated that "failure to file a motion in arrest of judgment precludes appellate relief," citing Iowa Rule of Criminal Procedure 2.24(3)(a). *Id.* at 153. Tucker was adequately advised of the necessity of filing a motion in arrest of judgment and waived his right to do so. *Id.* Here, Peck also was advised of his need to file a motion in arrest of judgment and did not do so, and cannot challenge the adequacy of the plea proceeding on appeal. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's

---

[2] Peck asserts: "[g]ood cause exists to grant this appeal to settle the issue of whether the [c]ourt's jurisdiction has been improperly infringed upon." And as an alternative to establishing good cause, Peck requests that if we find this case should not be treated as a traditional appeal, we should grant discretionary review. Because the constitutional issues raised have already been adversely decided by our supreme court, we find no reason to grant discretionary review.

failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Peck also does not claim any deficiency in the court's warning on that requirement. And, because we no longer have authority to hear ineffective-assistance-of-counsel claims on direct appeal, *see* Iowa Code section 814.7, he has no path for reviewing that decision. As in *Tucker*, no relief is possible here. 959 N.W.2d at 153; *see also Treptow*, 960 N.W.2d at 109–10 (finding no relief possible when Treptow waived his right to file a motion in arrest of judgment and did not allege an inadequate advisory but raised the issue as an ineffective-assistance-of-counsel claim). Peck has failed to establish good cause to appeal.

Because Peck has not established his right to appeal the guilty plea, we do not address any other constitutional or ineffective-assistance-of-counsel claims he raised.[3]

## IV.    CONCLUSION.

Because Peck has not established good cause under section 814.6, the appeal is dismissed.

**APPEAL DISMISSED.**

---

[3] We note also that the court on its own motion changed its sentencing order to match the joint recommendation, so Peck ultimately received the sentence he accepted in exchange for pleading guilty. And even if he had established good cause, we lack authority to address Peck's substantive issues, his ineffective-assistance-of-counsel claims, on direct appeal. Iowa Code § 814.7.